UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | MJ. NOS. 3:10MJ222 (HBF) |
| | : | 3:10MJ221 (HBF) |
| SEALED SEARCH WARRANT | : | |

**RULING RE: NEW YORK TIMES' REQUEST TO UNSEAL SEARCH WARRANTS**

The Court received a letter dated January 22, 2015, from the New York Times requesting the unsealing of certain warrant materials[1] relating to the Federal Bureau of Investigation's November 22, 2010 search of Diamondback Capital Management in Stamford, Connecticut. Since the receipt of that letter, the Court has received eight additional letters from the New York Times' counsel, the United States Attorney's Office for the Southern District of New York, counsel for Todd Newman, and counsel for Diamondback Capital Management ("Diamondback"), each advocating for the release or redaction of certain information from the warrant materials at issue.

By way of brief background, the warrant which the New York Times seeks to unseal was part of an investigation that resulted in a criminal prosecution of Mr. Newman in the Southern District of New York. Mr. Newman, a former portfolio manager for Diamondback, was convicted of insider trading. The Second Circuit recently reversed his conviction. See United States v.

[1] Specifically, the New York Times seeks to unseal two search warrants, along with the search warrant application, the supporting affidavits, returns on the executed warrant, and any related materials.

Newman, 773 F.3d 438 (2d Cir. 2014). The government has petitioned the Second Circuit for a rehearing.

By way of letter dated February 4, 2015, the New York Times proposed an initial procedure to effectuate the unsealing of the warrant materials. This proposal was agreed to by the government, and adopted by United States District Judge Richard J. Sullivan in response to a similar request.[2] Specifically, the New York Times represents that the government has agreed to redact from the warrant materials information that is likely to identify unindicted co-conspirators and then submit the redacted materials to the Court for its review and release. Mr. Newman's counsel wrote to the Court on this same date, requesting an opportunity to propose redactions to the warrant materials.

The Court received the proposed redactions of the government and Mr. Newman on February 13, 2015. With the agreement of the New York Times, the government proposed redactions of any identifying references of unindicted parties. Mr. Newman proposed redacting his identity where allegations identifying him did not form the basis of charges and were not the subject of testimony or other proceedings against him in the now overturned criminal proceedings. Mr. Newman contends that he has a "significant privacy interest" with respect to these allegations.

The Court received a follow-up letter from the New York Times' attorneys on March 5, 2015, reporting that Judge Sullivan

[2] The search warrant materials before Judge Sullivan related to a search of a New York hedge fund called Level Global Investors.

had approved the government's proposed redactions, the protocol of which was essentially the same as that proposed here, and rejected an individual defendant's request for certain redactions specific to him. Predictably, Mr. Newman's attorneys responded to this letter contending, inter alia, that regardless of Judge Sullivan's decision, the Court must decide whether the unseal the warrant materials "in light of the relevant facts and circumstances of the particular case." Newman Ltr., March 6, 2015 (quoting Nixon v. Warner Commc'ms, Inc., 435 U.S. 589, 599 (1978) (emphasis in original)). Mr. Newman goes on to argue that the Court should order his proposed redactions because they are necessary to protect his privacy and that releasing the materials as proposed by the government "potentially implicates his Sixth Amendment right to a fair trial." Newman Ltr., March 6, 2015.

After a careful review of the above-referenced submissions, and in light of the case law of the Second Circuit, the Court is inclined to adopt the redactions proposed by the government, to which the New York Times agrees. Despite Mr. Newman's protestations to the contrary, his asserted privacy interest is not a compelling reason sufficient to overcome the presumption in favor of disclosing the warrant materials. See United States v. All Funds on Deposit at Wells Fargo Bank in San Francisco, California, in Account No. 7986104185, 643 F. Supp. 2d 577, 584 (S.D.N.Y. 2009) (finding that the common law presumption of access to warrant materials is entitled to great weight where the documents "contain the information forming the basis for the

probable cause determinations that were the prerequisites for the issuance of the search and seizure warrants," and that a Court must "order disclosure absent compelling reasons to deny access and even then must employ the least restrictive possible means of doing so." (citation omitted)). The Court reaches this conclusion in light of the fact that Mr. Newman was a target of the investigation implicating the warrant materials and faced a six-week jury trial at which the government disclosed evidence of his alleged insider trading. See generally Newman, 773 F.3d at 442-45. That some of the facts in the warrant materials were not disclosed at trial does not necessarily mean that Mr. Newman's privacy rights or right to a fair trial will be limited, or otherwise prejudiced. Therefore, the Court finds that on the current record, Mr. Newman has not overcome the presumption favoring public access to judicial documents.

Accordingly, the Court GRANTS the New York Times' request to unseal the warrant materials, as outlined in the government's February 13, 2015 letter. However, before the Court orders the public filing of the redacted warrant materials, the government will produce the redacted warrant materials to Diamondback for its review. Diamondback will then submit any additional proposed redactions by April 20, 2015, to which a response may be filed by April 27, 2015.

This is not a recommended ruling. This is a non-dispositive ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Crim. P. 59(a). As such, it is an order

of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 9th day of April 2015.

______/s/____________________
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE